IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEO ELRICK, et al | § | PLAINTIFFS |
| | § | |
| v. | § | Civil Action No. 1:07cv1250HSO-JMR |
| | § | |
| DB BILOXI, III, LLC, et al | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER OVERRULING THE OBJECTION TO PLAINTIFFS' VOLUNTARY DISMISSAL OF CERTAIN DEFENDANTS

BEFORE THE COURT is the Objection [29] of Defendants, Gulf Coast Investment Developers, Inc., and GCID Realty, Inc. [collectively referred to as the "GCID Defendants"], to the Voluntary Dismissal of Defendants DB Biloxi, III, DB Biloxi III Manager Inc., the Berman Group, Inc., Dana J. Berman as president and director of the Berman Group, Inc., and Dana J. Berman individually, filed in the above captioned cause on or about December 31, 2008. Plaintiffs filed a Response [30]. After consideration of the Objection, Plaintiffs' Response, and the record in this case, the Court finds that the Objection should be overruled.

Plaintiffs filed their Complaint in this case on or about December 11, 2007, asserting claims against Defendants DB Biloxi, III, LLC, DB Biloxi III Manager, Inc., the Berman Group, Inc., Dana J. Berman as president and director of the Berman Group, Inc., Dana J. Berman individually, Gulf Coast Investment Developers, Inc., GCID Realty, Inc., and John Does 1-10. On or about December 30, 2008, Plaintiffs filed a Notice [27] of Voluntary Dismissal dismissing all claims against Defendant

Dana J. Berman, individually and as president and director of the Berman Group, Inc., and DB Biloxi III, LLC [collectively referred to as the "Berman Defendants"].[1] The Clerk of Court terminated the Berman Defendants as parties to this case on or about December 30, 2008.

Plaintiffs voluntarily dismissed the Berman Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1), on grounds that neither Defendant had served an answer or filed a motion for summary judgment. The Berman Defendants were also voluntarily dismissed on grounds that on or about December 11, 2007, they were named as defendants in a Florida receivership action entitled *State of Florida v. Berman Mortgage Corp., LLC et al.*, No. 07-43672CA09, whereby the Florida Circuit Court entered an order appointing a receiver and prohibiting "the prosecution of any civil action or other proceeding...against the Receivership Defendants." Temporary Injunction and Agreed Order Appointing Receiver at ¶ 18. The GCID Defendants now object to dismissal of the Berman Defendants, asserting that they have filed a cross-complaint for indemnity against the Berman Defendants, that the Berman Defendants are necessary parties for the just adjudication of the claims, and that Federal Rule of Civil Procedure 66 forbids voluntary dismissal of defendants where a

---

[1] The Court acknowledges that the only Defendants dismissed pursuant to Plaintiff's Notice of Voluntary Dismissal were Defendant Dana J. Berman, individually and as president and director of the Berman Group, Inc., and DB Biloxi III, LLC. Defendants DB Biloxi II Manager Inc. and the Berman Group, LLC, were not voluntarily dismissed, as the GCID Defendant's Objection suggests. Defendants remaining in the case after the Notice of Voluntary Dismissal therefore include: Defendants DB Biloxi II Manager, Inc., the Berman Group, LLC, Gulf Coast Investment Developers, Inc., and GCID Realty, Inc.

receiver has been appointed.

Rule 41(a)(1) permits an action to be dismissed by the plaintiff "without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs...." This Rule gives a plaintiff an absolute right to dismissal without prejudice upon notice. *See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973). It is inapposite for purposes of the Rule that the case might remain pending against other defendants, or that third-party claims may exist against those defendant(s) voluntarily dismissed. *See id.* at 255. Based upon the law of this Circuit, the GCID Defendant's cross-complaint against the Berman Defendants would not bar a Rule 41(a)(1) dismissal.

Federal Rule of Civil Procedure 66 states that "[a]n action wherein a receiver has been appointed shall not be dismissed except by order of the court." FED. R. CIV. P. 66. Though Rule 41(a)(1) is subject to the provisions of Rule 66, Rule 66 "applies exclusively to equity receivers and only to those that are appointed by federal courts."12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2982 (2d ed. 1997). Because the receiver in this case was appointed by a state court, Rule 66 is inapplicable here. Based upon the foregoing, the Court finds that Plaintiffs' December 30, 2008, voluntary dismissal, and the Clerk of Court's termination, of the Berman Defendants was proper.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objection [29] of Defendants, Gulf Coast Investment Developers, Inc., and GCID Realty, Inc., to the

Notice of Voluntary Dismissal filed in the above captioned cause on or about December 31, 2008, is hereby **OVERRULED**.

**IT IS, FURTHER, ORDERED** that, the parties are to contact Chief United States Magistrate Judge John M. Roper within three business days of the date of this Order to schedule a Telephonic Case Management Conference.

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE