IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JENNIFER SMITH**                                                                                        **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO.: 1:07cv974-LG-JMR**

**JUVENILE FEMALE A.C., by and through her parents,**
**Wai and Kathy Chu, and DAVID THORNHILL**                **DEFENDANTS**
_____

**MEMORANDUM OPINION**

This matter is before the Court pursuant to Defendant David Thornhill's Motion [51-1] for Summary Judgment, which is accompanied by a Memorandum [52-1] in Support thereof. Plaintiff Jennifer Smith filed a Response [53-1] in Opposition. To date, Co-Defendant Juvenile Female A.C., has not filed a Response. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Defendant's Motion for Summary Judgment should be granted. Accordingly, Plaintiff's claims against Defendant should be dismissed.

**FACTS**:

On the evening of November 1, 2004, Plaintiff, Jennifer Smith, was a passenger in a vehicle operated by Co-Defendant, Juvenile Female A.C. (hereinafter referred to as A.C. ). *See* Complaint. At approximately 6:20 P.M., Plaintiff and A.C. left a friend's house in Poplarville, MS, in A.C. 's vehicle, and approached the intersection between the residential driveway and Beech Road. A.C. alleges that she came to a complete stop, looked both ways, and did not see a pair of headlights approaching from either direction. *See* Exhibit "B" attached to Motion [51-3]. A.C. contends that she began to turn her vehicle left onto Beech Road, and was immediately struck on the

driver's side by Defendant Thornhill's (hereinafter referred to as "Defendant") vehicle. *Id.* Neither Plaintiff nor A.C. saw Defendant's vehicle before the accident occurred. *Id.*; Exhibit "F" attached to Motion [51-7].

Defendant alleges that he saw A.C. 's car approach the intersection at Beech Road, and that she never came to a complete stop. *See* Exhibit "D" attached to Motion [51-5]. Defendant contends that A.C. 's vehicle proceeded into the road, slowed down, and then suddenly sped up in an attempt to get out of the way. *Id.* Defendant applied his breaks before impact, and his air bags did not deploy. *Id.*

Chris Netto, an officer for the Pearl River County Sheriff's Department, responded to the scene, and A.C. was issued a citation for Reckless Driving. *See* Exhibit "B" attached to Motion [51-3]. Furthermore, A.C. admitted that she was guilty of negligence that caused or contributed to the accident. *See* Exhibit "C" attached to Motion [51-4]. However, A.C. maintains that Defendant was speeding, and therefore his negligence also contributed to the accident. *Id.* A.C. admits that the only evidence to support her allegation that Defendant was speeding is that she looked both directions and did not see another vehicle. *See* Exhibit "E" attached to Motion [51-6].

Defendant alleges that he was traveling approximately thirty-five miles per hour - the posted speed limit for Beech Road - at the time of the collision. See Exhibit "D" attached to Motion [51-5]. Additionally, Officer Netto's accident report concluded that Defendant's speed was within the posted limit of thirty-five miles per hour at the time of the accident. *See* Exhibit "A" attached to Motion [51-2].

## **STANDARD OF REVIEW**:

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

## **ANALYSIS:**

Defendant argues that the record is bereft of any evidence tending to create a genuine issue as to whether he was negligent in the operation of his vehicle. Rather, Defendant contends that Mississippi's statutory "Rules of the Road" establish that A.C. had an affirmative duty to yield the

right of way to Defendant, and that her negligence was the sole proximate cause of the collision. Defendant cites Miss. Code Ann. § 63–3–805, which provides, in pertinent part:

> The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway **and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard.**

Miss. Code Ann. § 63–3–805 (emphasis added). Defendant further contends that it is undisputed that he was traveling upon the superior roadway at the time of the accident, and therefore A.C. had an affirmative duty to yield the right of way. *Cf. Dogan v. Hardy*, 587 F. Supp. 967 (N.D. Miss. 1984)(holding that a motorist which has stopped at an intersection on an unfavored street is required to exercise ordinary care by yielding to all vehicles on the favored road).

The Court finds that, even when viewed in a light most favorable to the nonmoving party, the evidence is clear that A.C. was negligent in the operation of her vehicle on the night in question. It is clear that, even if A.C. was fully stopped at the intersection of the through highway, a fact which is disputed, she had a duty to yield to any vehicle approaching so closely as to constitute an immediate hazard. As noted previously, A.C. testified that she did not see Defendant's vehicle before entering the intersection, and was stuck almost immediately. Further, A.C. was cited for reckless driving at the scene and even admitted that her negligence contributed to the accident.

However, the Court notes that a finding of negligence on behalf of A.C. does not necessarily mandate the entry of summary judgment in favor of Defendant. Both Plaintiff's Complaint and A.C.'s Answer allege that the collision was at least partly attributable to the negligence of Defendant. However, Plaintiff now concedes that Defendant "was sued in part due to the fact that A.C. would not accept sole responsibility for causing the collision." *See* Response [53-1]. Plaintiff contends that A.C. has inexplicably maintained that Defendant was partially at fault, and that "A.C. and her

counsel [have] no more evidence to support A.C. 's claims [that Defendant was partially at fault] than they did on the day of the wreck." *Id.*

A.C. 's Response to Defendant's Motion for Summary Judgment was due on or before January 28, 2009. However, A.C. has not filed a Response to the instant motion, and she has offered no further proof of Defendant's alleged negligence. Therefore, the Court must now determine whether Defendant is entitled to summary judgment on the claims currently pending against him.

Mississippi law governs this case pursuant to the "Erie Doctrine," which requires a federal court sitting in diversity to apply the substantive law of the state. *See ACS Const. Co. v. CGU*, 332 F.3d 885, 892 (5th Cir. 2003). Under Mississippi law, the elements of proof required to support a claim of negligence are (1) duty, (2) a breach of that duty, (3) damages, and (4) causation. *Watson Quality Ford, Inc. v. Casanova*, 999 So.2d 830, 835 (Miss. 2008). The plaintiff in a negligence action bears the burden of proof, and must prove each element by a preponderance of the evidence. *McIntosh v. Victoria Corp.*, 877 So.2d 519, 522 (Miss. Ct. App. 2004). To establish a prima facie case of negligence, the plaintiff must produce credible evidence that the defendant failed to conform to the requisite standard of care. *Harrison County Dev. Com'n v. Daniels Real Estate, Inc*. 880 So.2d 272, 278 (Miss. 2004); *see also Todd v. First Baptist A.C. rch of West Point*, 993 So.2d 827, 829 (Miss. 2008)("[B]reach . . . must be established by the plaintiff with supporting evidence.").

The burden of proving Defendant's negligence falls upon the Plaintiff. Defendant has adamantly maintained that the record is devoid of any evidence to support a finding of negligence on his behalf, and Plaintiff's Response [53-1] essentially concedes that point. Thus, by pointing to the absence of evidence in the record, Defendant has effectively shifted to Plaintiff the burden of

demonstrating by competent evidence an issue of material fact. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 333-34 (1986)). Therefore, it is Plaintiff's burden to prove the existence of a genuine issue regarding Defendant's alleged negligence, and she must do so with credible evidence. She may not satisfy that burden with "metaphysical doubt . . . conclusory allegations . . . unsubstantiated assertions . . . or by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075.

Plaintiff's contention that Defendant was negligent is based upon A.C. 's assertion that Defendant was speeding. *See* Answer [3-1]; Response [53-1]. A.C. alleges that when she arrived at the intersection of Beech Road, she looked both ways and did not observe any approaching headlights. However, upon entering the intersection, A.C. 's vehicle was struck immediately by the Defendant. Therefore, A.C. contends that Defendant must have been speeding at the time of the accident. Both A.C. and Plaintiff testified that neither saw Defendant's car before impact. Furthermore, neither Plaintiff nor A.C. designated an expert to testify as to the proximate cause of the accident, and the deadline in which to do so expired on October 10, 2008.

As previously noted, Plaintiff bears the burden of proving Defendant's negligence, and therefore she must present sufficient facts to create a genuine issue as to whether Defendant was exceeding the speed limit at the time of the accident. Defendant has presented both his testimony and the accident report prepared by Office Netto as evidence that his vehicle was traveling at or below the posted speed limit at the time of the accident. In reply, Plaintiff merely directs the Court to A.C. 's conclusion that Defendant must have been speeding because she did not see his approaching headlights before entering the intersection.

A.C.'s conclusory allegations, standing alone, are insufficient to demonstrate a genuine issue as to whether Defendant was negligent in the operation of his vehicle. The Court notes that the record is devoid of any evidence to substantiate or otherwise buttress the allegation that Defendant was exceeding the posted speed limit. As noted previously, neither Plaintiff nor A.C. observed Defendant's vehicle before impact, and thus any testimony regarding its speed would be entirely speculative. Furthermore, neither A.C. nor Plaintiff secured the services of an expert to examine the physical evidence at the scene of the accident and proffer an opinion as to Defendant's speed at the time of impact. The Court finds that the available evidence is simply too weak to create a genuine issue as to whether Defendant was negligent in the operation of his vehicle. Accordingly, Defendant is entitled to summary judgment on the claims currently pending against him.

## **CONCLUSION:**

Based on the forgoing analysis, this Court is of the opinion that Plaintiff has failed to meet her burden of demonstrating any genuine issues of material fact which would preclude summary judgment in this matter. Therefore, this Court finds the Defendant Thornhill's Motion [51-1] for Summary Judgment should be granted, and that all claims against the Defendant should be dismissed with prejudice.

This the \_\_\_31st\_\_\_ day of March, 2009
.

                                              s/ John M. Roper
                                    CHIEF UNITED STATES MAGISTRATE JUDGE